1 Coleman W. Watson, Esq. (SBN 266015)
   coleman@watsonllp.com
2 WATSON LLP
   601 S. Figueroa Street, Suite 4050
3 Los Angeles, CA 90017
   Telephone: 213.228.3233
4 Facsimile: 213.330.4222

5 *Attorneys for Defendant,*
   NEXT GEN PRODUCTS, dba TRENDY
6 COOKS

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                           **WESTERN DIVISION**

11

12

13 DAE SUNG HI TECH. CO., LTD          Case No.:  2:19-cv-06262 SJO (JEMx)
   and FIRST 2 MARKET
   PRODUCTS, LLC                       **NOTICE OF MOTION AND**
14                                      **MOTION TO SET ASIDE**
                                        **CLERK'S DEFAULT WITH**
15              Plaintiffs,             **INCORPORATED**
                                        **MEMORANDUM OF LAW**
16

17       vs.                           Date:  February 24, 2020
                                        Time: 10:00 a.m.
18 NEXT GEN PRODUCTS, dba               Ctm:   Courtroom 10C
   TRENDY COOKS, and DOES 1                     350 W. 1st Street
19 through 1000, inclusive,             Judge: Hon. S. James Otero

20              Defendants.

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:[1]

PLEASE TAKE NOTICE THAT on February 24, 2020 at 10:00 a.m. Courtroom 10C of the above-entitled Court located at 350 West First Street, Los Angeles, California 90012, Plaintiffs, DAE SUNG HI TECH. CO., LTD and FIRST 2 MARKET PRODUCTS, LLC, and Defendant, NEXT GEN PRODUCTS, dba TRENDY COOKS, will and hereby does, move pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered by the Clerk on December 5, 2019. Doc. 27.

This motion is made on the grounds that Defendant did not intentionally fail to answer the complaint, Defendant has meritorious defenses, and Plaintiffs will not be unfairly prejudiced if the default is set aside.

This motion is made pursuant to this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the supporting declarations and accompanying exhibits, the entire court file in this action, and all other evidence and argument that may be introduced at the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7–3 which occurred on January 17, 2020.

Dated: January 20, 2020

By: *s /Coleman Watson*
WATSON, LLP

*Attorneys for* NEXT GEN PRODUCTS, dba TRENDY COOKS

---

[1] Trendy Cooks, pursuant to Local Rule 7-15, respectfully requests a waiver of oral argument on this motion. However, if the court requires oral argument, then Trendy Cooks has noticed this motion accordingly.

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The instant motion is necessitated based on Plaintiffs' failure to name the proper defendant in this action – which, then snowballed into attempting service on Trendy Cooks with pleadings that contained the wrong entity name.  The procedural errors do not end here.  Two months later, Plaintiffs moved to attempt service by sending the Summons and Complaint on Trendy Cooks to an Amazon.com internal email, although Plaintiffs have never demonstrated that Trendy Cooks responded to, or received, any documents sent using this method in the past.  By the time Trendy Cooks got wind of this lawsuit, it already had been defaulted and Plaintiffs moved for default final judgment; however, Trendy Cooks then diligently began to retain counsel in this proceeding.  As explained in more detail below, all the factors are present here to warrant setting aside the default, and for the same reasons, the Clerk's Default should be set aside, and a default judgment should not be entered by the court.[2]

## II.   BACKGROUND

On July 19, 2019, Plaintiffs, DAE SUNG HI TECH. CO., LTD ("Dae Sung") and FIRST 2 MARKET PRODUCTS, LLC ("First 2 Market") (collectively referred to as "Plaintiffs"), filed the instant patent infringement action against, Defendant, NEXT GEN PRODUCTS, dba TRENDY COOKS ("Trendy Cooks").  Doc. 1.  After less than two months of attempting service on Trendy Cooks, on September 16, 2019, Plaintiffs moved for alternative service of the Summons and Complaint, requesting to serve same by email[3] through Amazon's

---

[2] If the court grants this motion and sets the Clerk's Default aside, then it should also necessarily deny Plaintiffs' pending Motion for Default Judgment.  *See* Docs. 30, 33.

[3]       Trendy Cooks is a foreign entity and its principal place of business is located in London; and, thus, service should have been perfected through international service via Hague Convention pursuant to Fed. R. Civ. P. 4 ("[B]y

"internal email" service, by U.S. certified, and regular mail at Defendant's last known address, or in the alternative, by publication.  *See* Docs. 19, 20.[4]  As a result, on September 16, 2019, this Court entered an Order granting Plaintiffs' motion for alternative service of the Summons and Complaint.  Doc. 22.

A couple of months later, on November 15, 2019, Plaintiffs moved to amend the Complaint to correct the name of the Defendant —after attempting service on the Summons and Complaint using the wrong name and moving for alternative service — and served same via Amazon's internal email system, *see* Doc. 24, which this Court granted.  Doc. 25.  The Clerk then entered a Default.  Doc. 26.  Consequently, on January 6, 2020, Plaintiffs then moved for the entry of entry of default judgment and for permanent injunction against Trendy Cooks.  Doc. 30.

Shortly thereafter, Defendant's counsel entered an appearance in this action, *see* Doc. 31; and, thus, filed the instant motion to set aside the Clerk's Default on the grounds that Defendant was improperly served pursuant to Fed. R. Civ. P. 4.

## III.   LEGAL STANDARD

Federal Rules of Civil Procedure 55 states that the, "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55.  To determine whether there is good cause to set aside a party's default under Rule 55(c), "a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default ... would prejudice' the other party."  *United States v. Signed Personal Check No. 730 of Yubran S.*

---

any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.").

[4]     Doc. 20 appears to be a duplicate.

*Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Group, Inc*., 375 F.3d 922, 925-26 (9th Cir. 2004) (most alterations in original)).

"This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. The burden is on defendants to show that relief from default is justified. *See Franchise Holding II*, 375 F.3d at 926 (holding that the party seeking to set aside a default "bore the burden of showing that <u>any</u> of [the three relevant] factors favored setting aside the default." (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)) (emphasis added).

District courts have broad discretion in granting or denying a motion to set aside the entry of default under Rule 55(c). *See United States v. Brady*, 211 F.3d 499, 504 (9th Cir. 2000) ("[A] district court's discretion is 'especially broad' when ... 'it is entry of default that is being set aside, rather than a default judgment,' " (quoting *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994)); *see also Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts [the] determination to the discretion of the court"); *Mendoza v. Wright Vineyard Mgmt*., 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where ... it is entry of default that is being set aside, rather than a default judgment").

In exercising that discretion, however, this court must take into account the Ninth Circuit's preference for having cases decided on the merits. *E.g.*, *Signed Personal Check No. 730*, 615 F.3d at 1091 ("[J]udgment by default is a drastic step

appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.") (citations omitted).

## IV.   ARGUMENTS AND AUTHORITIES

An analysis of the relevant factors reveal that good cause exists, which make setting aside the default appropriate.  For starters, Trendy Cooks never received notice of the Summons and Complaint via Amazon.com's internal email system – as, the record, quite poignantly displays – the Plaintiffs failed to serve the Complaint with Trendy Cook's correct name.  Second, Trendy Cooks has meritorious defenses to the Complaint – both, procedurally and substantively – which, it should have the opportunity to address so that this court may decide this case on the merits.  Third, Plaintiffs will suffer no prejudice if the Court sets aside the Clerk's Default based on this short delay in appearing in this action.  Finally, absent setting aside the Clerk's Default, Trendy Cooks is exposed to potentially significant financial loss, and Trendy Cooks has promptly moved to set aside the Clerk's Default.

### A.   Plaintiffs Failed To Satisfy Their Burden To Show That Defendant Engaged In Culpable Conduct By Failing To Respond To The Complaint.

A defendant's conduct is culpable if it received actual or constructive notice of the action and intentionally failed to answer or otherwise respond.  *See TCI Group Life Ins. Plan*, 244 F.3d at 697-98; *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).  "In this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'"  *Signed Personal Check No. 730*, 615 F.3d at 1092; *see also TCI Group Life Ins. Plan*, 244 F.3d at 697 (stating that a defendant "intentionally" fails to

respond when his conduct is "willful, deliberate or [in] bad faith," quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57, 61 (2d Cir. 1996)).

Here, Trendy Cooks never received actual or constructive notice of this action to respond to the Complaint.  *See* Declaration of Murad Munir.  What is more, Plaintiffs point to a cease and desist letter sent to Trendy Cooks through Amazon.com's internal email system – which, is the same method that Plaintiffs served the Complaint – and, have acknowledged that Plaintiffs did not receive a response to that correspondence.  Doc. 1. at ¶ 18.  This is because Trendy Cooks did not receive actual or constructive notice of the cease and desist letter, nor the Summons and Complaint, to respond accordingly.  Now, Trendy Cooks has hired counsel to defend it and it fully intends to respond to the Complaint once the default is set aside.  Put simply, there are no facts whatsoever that Trendy Cooks engaged in any acts that were deliberate, willful, or in bad faith, to avoid responding to the Complaint.

And as the Ninth Circuit has stated, "it is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, <u>weigh heavily in favor of denial of the motion to set aside a default</u>."  *Signed Personal Check No. 730*, 615 F.3d at 1092. (emphasis added).  Thus, this factor weighs heavily in favor of Trendy Cooks because it did not engage in conduct so culpable that it warrants denial of their motion to set aside default.  Trendy Cooks then turns to the remaining relevant factors.

### B.   Trendy Cooks Has Meritorious Patent Invalidity And Unenforceability Defenses.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense."  *TCI Group Life Ins. Plan*, 244 F.3d at 700 (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).  "[T]he burden on a party

seeking to vacate a default judgment is not extraordinarily heavy." *Id.* (citing *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978)). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Signed Personal Check No. 730*, 615 F.3d at 1094; *see also Falk*, 739 F.2d at 463 (finding allegation that a landlord had repeatedly accepted late rental payments was sufficient to raise a meritorious defense of waiver in an unlawful detainer action).

1.   First Meritorious Defense – Lack of Personal Jurisdiction.

Plaintiffs cannot assert that the court can exercise personal jurisdiction over Trendy Cooks in California.  Before the court can exercise personal jurisdiction over defendants, they must have sufficient "minimum contacts" with California that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Wa*shington, 326 U.S. 310, 316 (1945).  There are two recognized bases for exercising personal jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises where defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over it in all matters; and (2) "specific jurisdiction," which arises when a defendant's purposeful contacts with the forum give rise to the claim in question.  *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997).  Trendy Cooks contend that they are not residents of California and do not have sufficient minimum contacts with it to subject them to jurisdiction here.  *See* Declaration of Murad Munir.

Accordingly, Trendy Cooks would demonstrate that the court cannot exercise personal jurisdiction over them; and, thus, this would constitute a complete defense to Plaintiffs' action.  Here, Munir alleges lack of personal jurisdiction because Trendy Cooks is a resident of Delaware and Trendy Cooks'

principal place of business is located in London.  *See* Declaration of Murad Munir. In effect, Trendy Cooks alleges it does not have sufficient minimum contacts with California to justify this Court's exercise of personal jurisdiction.  Trendy Cooks has set forth sufficient facts to present his defense." *TCI Group Life Ins. Plan*, 244 F.3d at 700.  This factor therefore favors setting aside defendants' default.  *See Delgado v. Deanda*, No. 10–CV–02799–LHK, 2012 660890, *2 (N.D. Cal. Dec. 18, 2012) ("As Defendants have alleged facts that could give rise to a meritorious defense of lack of personal jurisdiction, this factor favors setting aside the judgment").

Thus, Trend Cooks' allegations regarding personal jurisdiction thus constitute a meritorious defense. *See Fractional Villas, Inc. v. Reflections, No.* 08CV1423 DMS (AJB), 2009 WL 4809618, *2 (S.D. Cal. Dec. 8, 2009) ("A party seeking to vacate entry of default must allege specific facts that would constitute a defense, but the burden is not extraordinarily heavy . . . .).

### 2.    Second Meritorious Defense – The '696 Patent is Unenforceable.

An accused infringer may plead that a patent is unenforceable in any action involving the validity or infringement of a patent.  *See* 35 U.S.C. § 282(b)(1). Unlike non-infringement and invalidity defenses, unenforceability defenses are equitable and may be based on a wide variety of underlying conduct by the patent owner or applicant, including inequitable conduct before the USPTO and unclean hands in the procurement or enforcement of a patent.  *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011); *see also Intellect Wireless, Inc. v. HTC Corp.,* 732 F.3d 1339, 1344 (Fed. Cir. 2013).  An unclean-hands defense generally requires that: the plaintiff has engaged in unconscionable conduct, such as fraud, deceit, or bad faith; or the unconscionable conduct has an immediate and necessary relation to the matters at issue in the case. *See Keystone*

1   *Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933), *Honeywell Int'l., Inc.*

2   *v. Universal Avionics Sys. Corp.*, 343 F. Supp. 2d 272, 320-21 (D. Del. 2004),

3   *aff'd*, 488 F.3d 982 (Fed. Cir. 2007); *Jazz Pharms., Inc. v. Roxane Labs., Inc.*,

4   2013 WL 6858765, at *6 (D.N.J. Dec. 30, 2013)).

5       The application to the '696 Patent was assigned to Sehyang Industrial Co.,

6   Ltd. ("Sehyang").  *See* Doc. 1–1.  Yet, the Complaint does not show an assignment

7   between Sehyang to either Plaintiff.  *See* Docs. 1, 14.  There is no mention of any

8   connection between Sehyang and Plaintiffs and the inventor of the '696 in the

9   Complaint or otherwise.  *See id.*  Accordingly, Trendy Cooks' defense of

10  unenforceability is a meritorious defense because it is supported by a developed

11  legal and factual basis, and at least raises a serious question regarding the propriety

12  of a default judgment in this case.

13      What is more, it is not necessary to examine whether the factual allegations

14  underlying the defense are true in deciding a motion to set aside default; that

15  question is more properly the "subject of ... later litigation."  *Signed Personal*

16  *Check No. 730*, 615 F.3d at 1094 (citing *TCI Group Life Ins. Plan*, 244 F.3d at

17  700).  Therefore, this factor also weighs in favor of setting aside the default.

18      **C.    Reopening The Default Would Not Prejudice Plaintiffs Because**
19          **Defendant Was Not Properly Served With The Complaint And**
            **The Default Was Entered Only A Few Months' Ago.**

20      The standard for determining whether a plaintiff will be prejudiced if a

21  defendant's default is set aside is whether its ability to pursue its claims will be

22  hindered.  *Falk*, 739 F.2d at 463; *see also Ferrand v. Wisconsin Equine*

23  *Management Servs., Inc.*, No. C 94-1059 SC, 1995 WL 274366, *3 (N.D. Cal.

24  May 5, 1995) ("[A] motion to set aside default will be denied if plaintiff can show

25  prejudice, such as the delay will result in loss of evidence, increase the difficulty

26  of discovery, or thwart plaintiff's ability to obtain relief").  Delay alone does not

27  constitute prejudice unless it will "result in tangible harm such as loss of evidence,

28

increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group Life Ins. Plan*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assurance Co*., 95 F.3d 429, 433-34 (6th Cir. 1996)).

The only prejudice that Plaintiffs have "suffered" is the three-month delay in responding to Plaintiffs' operative Complaint.  Doc. 14.  Plaintiffs do not identify any tangible harm that will result from setting aside Trendy Cooks' default, and, they do not contend that defendants' delay has resulted in any loss of evidence or increased difficulties in conducting discovery.  Plaintiffs identify no reason why its ability to pursue its claims will be hindered if the court sets aside Trendy Cooks' default, and thus, this only logical conclusion is there is none.

Assertions that a victory obtained through an opponent's procedural default will be lost, or that the action will have to be litigated on the merits, do not demonstrate prejudice.  *Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1225 (9th Cir. 2000).  And, Trendy Cooks' three month delay alone does not constitute prejudice; as a result, this factor favors setting aside defendant's default.

## V.   CONCLUSION

Based on the reasons set forth above, the Clerk's Default entered against NEXT GEN PRODUCTS, dba TRENDY COOKS should be set aside.

**WHEREFORE,** Defendant, NEXT GEN PRODUCTS, dba TRENDY COOKS, respectfully requests the entry of an Order setting aside the Clerk's Default entered against it on December 5, 2019, Doc. 27, and for such other relief this Court deems just and appropriate.

**DATED** on January 20, 2020

Respectfully submitted,

WATSON LLP

*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**
California Bar No. 266015
Florida Bar. No. 0087288
Georgia Bar No. 317133
New York Bar No. 4850004
coleman@watsonllp.com
docketing@watsonllp.com

**WATSON LLP**
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.228.3233
Facsimile: 213.330.4222

*Attorneys for Defendant,*
NEXT GEN PRODUCTS, dba
TRENDY COOKS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2020, pursuant to Fed. R. Civ. P. 5, I served the foregoing document on the following counsel of record in this proceeding by using this Court's CM/ECF filing system:

KENNETH G. EADE (SBN 93774)
info@kennetheade.com
9350 Wilshire Blvd., Suite 203
Beverly Hills, CA 90212

*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**